UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHERYL SPEAR,
    Plaintiffs,

v.                                    NO.

L.V. AND ASSOCIATES,
    Defendants,

COMPLAINT
JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Massachusetts Unfair and Deceptive Acts or Practices Statute, Mass. Gen. Laws ch. 93A, § 2.

JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper because the Plaintiff resides in this District and the events giving rise to this action occurred here.

PARTIES

3. Plaintiff, Cheryl Spear, is an individual consumer residing in North Weymouth, Norfolk County, Commonwealth of Massachusetts.

4. Defendant, L.V. and Associates, is California business and has its principal place of business at 32295 Mission Trail, Suite 10, Lake Eisinore, CA 92530.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA and Mass. Gen. Laws ch. 93, § 24.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

11. Defendant sought to collect a consumer debt from Plaintiff and called Plaintiff in an effort to collect said debt.

12. Defendant is not licensed by the Division of Banks to collect debts in the Commonwealth, as required by Mass. Gen. Laws ch. 93, § 24A, and is therefore not authorized to collect debt in the Commonwealth.

13. On April 14, 2012, Defendant left a voicemail on the home phone of Plaintiff, alleging it had sent a sheriff to Spear's home to serve a lawsuit regarding a debt owed.

14. The Defendant had not filed a lawsuit against the Plaintiff in the Commonwealth of Massachusetts prior to April 14, 2012.

15. Plaintiff returned the call and spoke to Darren Johnson, who represented himself as the Litigation Manager of Defendant. Darren Johnson is not a licensed attorney in the Commonwealth of Massachusetts or State of California.

16. During this conversation, Johnson threatened Plaintiff, stating the Defendant was within its rights to garnish Plaintiff's Social Security benefits, seize Plaintiff's car and close Plaintiff's bank accounts. All of these assets are exempt from collection in according to Federal and Massachusetts exemption statutes.

17. Johnson directed Plaintiff to obtain the money from her family members to pay the alleged debt. Further, Johnson directed Plaintiff to deposit the payment of $630 directly into Defendant's bank account with Bank of America by going to a branch to make the deposit.

18. At no relevant time did Defendant notify Plaintiff of her right to validate the debt prior to payment.

19. As a result of the acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including by not limited to, severe stress, mental anguish and suffering, emotional distress, humiliation, and loss of money paid to the Defendant.

## FIRST CLAIM FOR RELIEF

20. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

21. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) The Defendant violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by the Defendant.

    (b) The Defendant violated 15 U.S.C. § 1692g(a) by failing to notify, within 5 days after the initial communication, Plaintiff of her rights to validate the alleged debt.

    (c) The Defendant violated 15 U.S.C. § 1692e(3) and (4) by implying to the Plaintiff that Defendant was a law firm and falsely stating Plaintiff's property could be legally seized.

    (d) The Defendant violated 15 U.S.C. § 1692e(2)(A)(B) and (10) by failing to obtain a license from the Commonwealth prior to engaging in collection activities.

22. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney fees.

## SECOND CLAIM FOR RELIEF

23. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

24. Defendant's violated Mass. Gen. Laws ch. 93A, § 2. Defendant's violations include, but are not limited to, the following:

   (a) The Defendant violated Mass. Gen. Laws ch. 93, § 24A by engaging in the business of collecting debts and by attempting to collect an alleged debt from Plaintiff without a valid license.

   (b) The Defendant violated 940 C.M.R. 7.04(b) by threatening that nonpayment of the alleged debt would result in the seizure and garnishment of Plaintiff's exempt property.

   (c) The Defendant violated 940 C.M.R. 7.07(4) by misleading Plaintiff to believe Defendant was a law firm.

   (d) The Defendant violated 940 C.M.R. 7.08(1) by failing to inform Plaintiff of her rights to validate the debt within 5 days of the initial communication.

25. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. In compliance with Mass. Gen. Laws ch. 93A, § 9, Plaintiff sent, by certified mail, a demand letter to Defendant on 6/18/2012. The demand was received by Defendant on 6/26/2012. Defendant failed to make a reasonable offer of settlement within 30 days of receipt of the demand letter.

27. As a result of the above violations, the Defendant is liable to Plaintiff for actual damages, statutory damages, multiple damages, and attorney fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory judgment for the Defendant's violation of Mass. Gen. Laws ch. 93A, § 2.

B. Actual Damages

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Statutory damages pursuant to Mass. Gen. Laws ch. 93A, § 9(3).

E.        Double or treble damages pursuant to Mass. Gen. Laws ch. 93A, § 9(3A).

F.        Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Mass. Gen. Laws ch. 93A, § 9(3A).

G.        For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully Submitted,
By Counsel,

/s/ Thomas R. Beauvais
Thomas Beauvais, Esq.
BBO# 679996
PO Box 761235
Melrose, MA 02176
(781) 462-1669
thomas@beauvaislegal.com

Dated: 09/17/2012